UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAWRENCE F. WALKER, JR., | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil Action No. 15-cv-14051-IT |
| | * |
| F/V MADISON KATE and | * |
| SEA VENTURES, LLC, | * |
| | * |
| Defendants. | * |

## MEMORANDUM & ORDER

TALWANI, D.J.

Defendant Sea Ventures, LLC's <u>Motion to Reopen Discovery to Serve Subpoenas for Keeper of Records Depositions on Plaintiff, Lawrence Walker, Jr.'s Previous Counsel in Other Lawsuits and to Conduct a Deposition of a Previous Defendant in Another Lawsuit</u> [#42] is GRANTED in part and DENIED in part.

Defendant's Request for Production No. 34 requested "[a]ll records, pleadings and documents concerning past or pending legal actions concerning the plaintiff." Mot. to Reopen Disc. Ex. A 11 [#42-1]. Plaintiff objected to this request "on the grounds that it is unduly vague, overly broad in time and scope, unduly burdensome and not seeking evidence proportional to the needs of the case" and produced no responsive documents. <u>Id.</u>

Defendant's Interrogatory No. 22 requested the following:

> [i]f you have ever asserted a claim of any kind for damages or for compensation of personal injuries, including but not limited to worker's compensation, please state the date of the injury, the amount of damages or compensation received and the names and addresses of each person or organization against whom a claim was made and from whom a claim was made and from whom payments were received.

Mot. to Reopen Disc. Ex. B 34 [#42-1]. In his supplemental response, Plaintiff objected to this

interrogatory "as unduly vague, overly broad in time and scope unduly burdensome and not seeking evidence proportional to the needs of the case." Mot. to Reopen Disc. 3 [#42] "Subject to and without waiving the foregoing objections," Plaintiff listed six claims. Id. at 3-4. Defendant's Motion asserts that additional discovery should be permitted relating to additional lawsuits that Plaintiff allegedly failed to disclose at all or disclosed insufficient details.

With regards to Defendant's requests involving Walker v. Nerbonne, Civil Action No. 1473-cv-00348, the court finds that Plaintiff should have disclosed this claim, and is not excused from the failure to do so because Defendant knew that Anne Nerbonne was Plaintiff's girlfriend and could have been deposed during the discovery period regarding Plaintiff's medical condition. The Court GRANTS Defendant's Motion to Reopen Discovery [#42] for records relating to Walker v. Nerbonne from Irena Wallach Inman, Esq. of Callahan, Barraco & Inman (counsel for Mr. Walker), and George E. Clancy, Esq. of Fuller Rosenberg Palmer & Beliveau (counsel for Ms. Nerbonne), limited to documents not protected by the attorney-client privilege or the work-product doctrine. The court also GRANTS Defendant's request to reopen discovery to depose Anne Nerbonne, limited to the facts and circumstances surrounding the Walker v. Nerbonne action.

With regards to Defendant's requests involving Walker v. Almond, III, et al., Civil Action No. 0773-cv-00621, and Walker v. Lainey, et al., Civil Action No. 0673-cv-01541, the Court finds that Defendant has not demonstrated that discovery should be reopened. Plaintiff asserts that these two actions involved Plaintiff's father, not Plaintiff himself. Defendant, who has the burden here, offers no rebuttal.

With regards to Defendant's requests involving Walker v. Gagne, et al., Civil Action No. 1073-cv-00350, the Court finds that Plaintiff did disclose this claim in his Answer to

Interrogatory No. 22, describing an injury by a dog-bite in 2008, for which he claimed $10,000.00 in damages. Moreover, this claim does not appear to relate to the claimed knee and back injuries which are the subject of the instant matter, and reopening discovery for this claim is not "proportional to the needs of this case." Order [#38].

ACCORDINGLY, IT IS HEREBY ORDERED that:

Defendant's <u>Motion to Reopen Discovery to Serve Subpoenas for Keeper of Records Depositions on Plaintiff, Lawrence Walker, Jr.'s Previous Counsel in Other Lawsuits and to Conduct a Deposition of a Previous Defendant in Another Lawsuit</u> [#42] is ALLOWED in part. Discovery is reopened to allow Defendant: (1) to serve subpoenas duces tecum for records relating to <u>Walker v. Nerbonne</u> from Irena Wallach Inman, Esq. of Callahan, Barraco & Inman (counsel for Mr. Walker), and George E. Clancy, Esq. of Fuller Rosenberg Palmer & Beliveau (counsel for Ms. Nerbonne), limited to documents not protected by the attorney-client privilege or the work-product doctrine; and (2) to depose Anne Nerbonne, limited to the facts and circumstances surrounding the <u>Walker v. Nerbonne</u> action. The motion is otherwise DENIED.

IT IS SO ORDERED.

Date: November 21, 2017                         /s/ Indira Talwani
                                                United States District Judge