UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LAWRENCE F. WALKER, JR., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 15-cv-14051-IT |
| | * | |
| F/V MADISON KATE and | * | |
| SEA VENTURES, LLC, | * | |
| | * | |
| Defendants. | * | |

## MEMORANDUM & ORDER

TALWANI, D.J.

Defendant Sea Ventures, LLC's <u>Motion for an Order Compelling Plaintiff to Supplement Work History and to Reopen Discovery to Serve Subpoenas for Depositions and Records on his Employer(s) in or about March of 2013 and After the Alleged Incident</u> [#43] is GRANTED.

Defendant's Interrogatory No. 15 requested Plaintiff to:

> [l]ist each job or position of employment, including self-employment, held by the plaintiff for the five years before the incident, the year in which the incident occurred and each subsequent year to the present, stating the name and address of the plaintiff's employer and the date of commencement, date of termination of employment and earnings for each year employed.

In response and subject to various objections, Plaintiff provided employment information for five positions held between 2008 and May 2013.

Defendant now asserts that this answer is incomplete, based on information in Plaintiff's medical records that appear to reflect work both in March 2013, and after the May 2013 incident at issue in this lawsuit. In response, Plaintiff states that the "medical records contain inaccurate and/or alleged contradictory information," Defendant had ample opportunity to question Plaintiff during his depositions, and "Plaintiff recognizes his own continuing obligation to supplement his

discovery answers and responses should a need for such supplementation arise." [#50 at 3].

Given that Plaintiff objected to the interrogatory as "unduly vague, overly broad in time and scope and not seeking evidence proportional to the needs of the case," and answered it subject to this objection, it is not clear if Plaintiff has or has not provided his full work history. Plaintiff is directed to supplement his response within 14 days of this order to provide information as to each job he worked (whether as an employee, independent contractor, or self-employed) from January 1, 2013, to the present, stating the name of the entity for whom he provided services, the date of commencement of such work, date of termination of such work, and annual income. In the event this supplemental response discloses additional entities to whom Plaintiff provided services, Defendant may promptly serve subpoenas duces tecum seeking Plaintiff's work records.

IT IS SO ORDERED.

Date: November 21, 2017 /s/ Indira Talwani
United States District Judge