UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LAWRENCE F. WALKER, JR., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 15-cv-14051-IT |
| | * | |
| F/V MADISON KATE and | * | |
| SEA VENTURES, LLC, | * | |
| | * | |
| Defendants. | * | |

# ORDER

TALWANI, D.J.

Pending before the court is Plaintiff Lawrence F. Walker Jr.'s <u>Motion to Proceed with the Discovery Depositions of Todd Santos and Neil Stoddard</u> [#41] and <u>Supplemental Motion to Compel Deposition of Neil Stoddard</u> [#52].

The record suggests that Todd Santos is a percipient witness to Plaintiff's accidents who may have relevant information about those accidents and resulting injuries. Plaintiff noticed Santos's deposition in June 2017, but service of the subpoena appears to have been deficient, and Santos did not appear. Plaintiff advised Defendants that he intended to proceed with the deposition once Santos became available. In the interests of justice, Plaintiff's motion to proceed with Santos's deposition will be ALLOWED.

Neil Stoddard is an insurance investigator for Maritime Safety Consultants ("Maritime Safety") who investigated the accidents underlying Plaintiff's complaint. Stoddard was listed as a potential witness in Defendants' initial disclosures. Plaintiff noticed Neil Stoddard for a deposition in March 2017, but then cancelled the deposition before it took place. Subsequently, Defendants served a subpoena on Marine Safety for all non-privileged documents and

information pertaining to Plaintiff. In August 2017, Defendants produced the records received from Marine Safety to Plaintiff. Those documents pertain only to a prior accident, not to the 2013 accidents underlying this matter. Plaintiff asserts that because it is undisputed that Maritime Safety Consultants did investigate the 2013 accidents, it is "highly unlikely" that there are no resulting records. Pl.'s Suppl. Mot. to Compel Dep. [#52]. Defendants respond that their subpoena requested only non-privileged records, and contend that records pertaining to the 2013 accidents are privileged. Opp'n to Pl.'s Suppl. Mot. 5 [#53].

Plaintiff now seeks to proceed with a deposition of Stoddard, and to compel Stoddard to produce Maritime Safety's complete file on Plaintiff. Because the records from Maritime Safety were produced in response to a subpoena from Defendants, Plaintiff lacks standing to enforce the subpoena against Maritime Safety. See Fed. R. Civ. P. 45(d)(2)(B)(i) (establishing that "the *serving party* may move the court for the district where compliance is required for an order compelling production or inspection" (emphasis added)).[1]

Plaintiff makes no argument to establish cause for the delay in seeking Stoddard's deposition. Plaintiff expects the court to infer that the need for Stoddard's deposition arose only in connection with the Maritime Safety records that Plaintiff received in August 2017. If that is the case, the court agrees that Stoddard's deposition would be warranted if Defendants intend to have Stoddard testify at trial as to the earlier accidents at issue in those records. Moreover, although Defendants initially disclosed Stoddard as a witness, the court understands Defendants' position to be that Stoddard's investigation is privileged, and thus that Defendants are not intending to offer his testimony. Based on this understanding, Plaintiff's Supplemental Motion to

---

[1] The underlying question of whether Maritime Safety's work product regarding the 2013 accidents is in fact privileged is not squarely before the court at present. Nothing in this order addresses whether that work product would be admissible at trial.

Compel Deposition of Neil Stoddard [#52] is DENIED. In the event that the Defendants do intend to have Stoddard testify at trial or on summary judgment, they shall promptly advise Plaintiff and the court, and the court will reconsider the motion.

ACCORDINGLY, IT IS HEREBY ORDERED that:

Plaintiff's Motion to Proceed with the Discovery Depositions of Todd Santos and Neil Stoddard [#41] is ALLOWED as to Santos. Plaintiff's Motion to Proceed with the Discovery Depositions of Todd Santos and Neil Stoddard [#41] with regard to Stoddard and Plaintiff's Supplemental Motion to Compel Deposition of Neil Stoddard [#52] are DENIED.

IT IS SO ORDERED.

Date: January 12, 2018                   /s/ Indira Talwani
                                         United States District Judge